**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alisrael Champion Amira-Hawkman, | No. CV 09-2577-PHX-RCB (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael Skelton, et al., | |
| Defendants. | |

On December 9, 2009, Plaintiff Alisrael Champion Amira-Hawkman, who is confined in the INS Processing Center-Florence in Florence Arizona, filed a *pro se* civil rights Complaint (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3).

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. Because Plaintiff is an immigration detainee, he is not subject to the provisions of the Prison Litigation Reform Act and will be allowed to proceed without payment of the filing fee. Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005); Agyeman v. INS, 296 F.3d 871, 885-86 (9th Cir. 2002).

## II. Statutory Screening

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted *in forma pauperis status*, the Court

> shall dismiss the case at any time if the court determines that–(A) the allegation of poverty is untrue; or (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on

**JDDL**

> which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction, with leave to amend because the Complaint may possibly be saved by amendment.

. . . .

. . . .

- 2 -

1  **III.  Lack of Jurisdiction**

2   Federal courts have limited jurisdiction, and limitations on the court's jurisdiction
3  must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S.
4  365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject
5  matter jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).
6  See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-
7  matter jurisdiction, the court must dismiss the action.").

8   Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states
9  a claim for relief must contain: (1) a short and plain statement of the grounds for the court's
10 jurisdiction . . . ." In order to proceed in federal court, Plaintiff must demonstrate some right
11 of action and legal entitlement to the damages he seeks. In a case challenging his conditions
12 of confinement while an immigration detainee at a federal facility, the most likely source of
13 a right to sue is **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,**
14 **403 U.S. 388 (1971)**. The Court has jurisdiction over such cases pursuant to **28 U.S.C.**
15 **§ 1331**.

16  Plaintiff has not alleged that his Complaint arises pursuant to Bivens or that the Court
17 has jurisdiction pursuant to 28 U.S.C. § 1331. He alleges that the Court has jurisdiction
18 pursuant to "Deprivation & Denial of a Kosher Meal." That is a statement regarding the
19 types of claims Plaintiff intends to raise in the lawsuit, not a jurisdictional basis. See Watson
20 v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer
21 allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always
22 be affirmatively alleged."). Therefore, the Court will dismiss Plaintiff's Complaint without
23 prejudice.

24 **IV.  Leave to Amend**

25  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to allege
26 a jurisdictional basis. Within 30 days, Plaintiff may submit a first amended complaint to cure
27 the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form
28 to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form,

1 the Court may strike the amended complaint and dismiss this action without further notice
2 to Plaintiff.

3 Plaintiff must clearly designate on the face of the document that it is the "First
4 Amended Complaint." The first amended complaint must be retyped or rewritten in its
5 entirety on the court-approved form and may not incorporate any part of the original
6 Complaint by reference. Plaintiff may include only one claim per count.

7 A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
8 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
9 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
10 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
11 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
12 565, 567 (9th Cir. 1987).

### V. Warnings

#### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

JDDL

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**; Plaintiff is not required to pay the filing fee.

(2) The Complaint (Doc. #1) is **dismissed** for lack of subject matter jurisdiction. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 30th day of December, 2009.

_____
Robert C. Broomfield
Senior United States District Judge